IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| JESUS ARELLANO, | * CHAPTER 13 |
|     Debtor | * |
| | * CASE NO. 1:14-bk-00990 MDF |
| STEVEN M. CARR, Chapter 7 Trustee, | * |
|     Objectant | * |
| | * |
| v. | * |
| | * |
| JESUS ARELLANO, | * |
|     Respondent | * |

**OPINION**

Before the Court is the objection of the Chapter 7 Trustee (the "Trustee") to the claim of exemptions filed by Jesus Arellano ("Debtor"). Debtor seeks to exempt funds and property that are the proceeds of a lump sum workers' compensation settlement. For the reasons below, the Trustee's objection will be overruled.

**I. Procedural and Factual History**

In 2010, Debtor sustained a broken hip at his place of work. Thereafter, he filed a disability claim with the Workers' Compensation Commission for the State of Maryland (the "State"). On December 1, 2011 Debtor entered into a settlement agreement with his employer and the State whereby Debtor would receive a lump sum payment of $225,000. In addition, $72,741.88 was paid to Debtor as a Medicare "set aside," which was the estimated amount of Debtor's need for future treatment for his injuries. In the settlement agreement Debtor acknowledged that in accepting the funds, he was agreeing that Medicare was not required to pay any medical expenses related to the injury until the Medicare "set aside" was expended. Tr. Ex.

1

"A." In January 2012, Debtor deposited both the lump sum settlement and the Medicare "set aside" in his bank accounts.

Debtor admitted that he used to funds to make several purchases – a 2005 Ford F-150 for $17,000, real property located at 3587 Cannon Lane, York PA 17408 (the "3587 Property") for $85,000, and real property located at 3887 Cannon Lane, York PA 17408 (the "3887 Property") for $86,000. On November 1, 2012 Debtor sold the 3887 Property to his brother through an installment agreement for $90,000. Under the terms of the sale, Debtor's brother is obligated to make payments of $1200 per month, which includes principal and interest at 5.5 percent, until the balance is paid in full in June 2020.

Debtor filed the above-captioned Chapter 7 bankruptcy petition on March 8, 2014. Together with his bankruptcy petition, Debtor filed a schedule of exemptions ("Schedule C") in which he claimed the 3587 Property, the 3887 Property, "funds in 2 checking accounts established from [Debtor]'s workers compensation pay-out," and the Ford F-150. All four items were claimed as exempt under 11 U.S.C. § 522(d)(11)(E). Debtor did not disclose the installment agreement on his original schedule of executory contracts and unexpired leases ("Schedule G"), nor did he disclose the $1200 installment contract payment as part of his income ("Schedule I").

On April 30, 2014, the Trustee filed an objection to Debtor's exemption claim asserting that § 522(d)(11)(E) did not authorize Debtor to exempt property that was the proceeds of a workers' compensation claim. On May 22, 2014, Debtor responded to the Trustee's objection asserting that the property could be exempted under § 522(d)(11)(E) and that the property claimed was reasonably necessary for Debtor and his dependents. On August 22, 2014, Debtor amended Schedule G to include the installment agreement and Schedule I to include the $1200

monthly payment on the installment sale. A hearing on the Trustee's objection was held on September 25, 2014, at which time the issues were identified as follows: 1) whether funds or property traceable to the proceeds of a lump sum workers' compensation settlement received pre-petition may be claimed as exempt under § 522(d)(11)(E); and 2) if the funds and property may be exempted, whether they are necessary for the support of Debtor and his dependents. The Trustee and Debtor have filed briefs, and the matter is ready for a decision.[1]

## II. Discussion

The primary issue in this case is whether property acquired through funds derived from a workers' compensation settlement received pre-petition is "property that is traceable to . . . a payment in compensation of loss of future earnings of the debtor . . . , to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." 11 U.S.C. § 522(d)(11)(E).

It is a well established principle that bankruptcy exemptions should be construed liberally in favor of debtors. *See Bierbach v. Walck (In re Walck)*, 459 B.R. 208, 211 (Bankr. M.D. Pa. 2001) (citing *In re Collins*, 281 B.R. 580, 582 (Bankr. M.D. Pa. 2002)). "If it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen." *Gaertner v. Claude (In re Claude),* 206 B.R. 374, 377 (Bankr. W.D. Pa. 1997). The trustee has the burden of proving by the preponderance of the evidence that an exemption has not been properly claimed. *Walck,* 459 B.R. at 211.

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core, non-*Stern* proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052 made applicable to contested matters by Rule 9014.

*A. Workers' compensation awards may be exempted under 11 U.S.C. § 522(d)(11)(E)*

    1. *The* <u>In re Michael</u> *decision*

The Trustee bases his objection on a decision rendered in 2001 by Judge Thomas in the case of *In re Michael,* 262 B.R. 296 (Bankr. M.D. Pa. 2001). The facts in *In re Michael* are similar to the facts that are before me. The debtor received a lump-sum settlement after sustaining a work-related injury prior to filing his bankruptcy petition. *In re Michael,* 262 B.R. at 297. On his schedule of exemptions, the debtor listed the proceeds of the settlement as exempt under 11 U.S.C. § 522(d)(11)(E). Judge Thomas upheld the trustee's objection to the exemption claim holding that workers' compensation claims could not be exempted under § 522(d)(11)(E) and must be exempted under § 522(d)(10)(C). *Id.* at 297. Judge Thomas cited the analysis of the court in *In re Williams*, 181 B.R. 298 (Bankr. W.D. Mich. 1995), which discussed the legislative history of (d)(10) and (d)(11). Based on the statements in the legislative history, Judge Thomas adopted the majority view that "workmen's compensation awards, and the tracing of those awards into certain specific items, are beyond the scope of 11 U.S.C. § 522(d)(11)(E)." *Id.* at 298.

Because I am not bound by the *In re Michael* decision and other courts have reached a different conclusion than Judge Thomas, I will independently analyze the issue of whether a lump-sum workers' compensation settlement received pre-petition may be exempted under § 522(d)(11)(E).

    2. *The plain language of 11 U.S.C. § 522(d)(11)(E)*

"The starting point in discerning congressional intent is the existing statutory text[,]." *Lamie v. U.S. Trustee,* 540 U.S. 526, 534 (2004). "When the statute's language is plain, the sole

4

Case 1:14-bk-00990-MDF    Doc 42    Filed 01/05/15    Entered 01/06/15 09:17:28    Desc
Main Document      Page 4 of 14

function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6 (2000) (other citations omitted). If the statute's language is plain and unambiguous, courts need not consult the legislative history of the statute. *Chamber of Commerce of U.S. v. Whiting,* 131 S.Ct. 1968, 1980 (2011) ("Congress's 'authoritative statement is the statutory text, not the legislative history.'") Only if the language of the statute is ambiguous should a court look beyond the language of the text or if a literal interpretation of the statute would lead to an absurd result. *In re Phillips*, 485 B.R. 53, 56 (Bankr. E.D.N.Y. 2012) (interpreting 11 U.S.C. § 522(d)(11)(D)) (citing *Hartford Underwriters*, 530 U.S. at 6) .

Section 522(d)(11)(E) provides as follows:

> (d) The following property may be exempted under subsection (b)(2) of this section:
> . . .
> (11) The debtor's right to receive, or property that is traceable to –
> . . .
> (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

11 U.S.C. § 522(d)(11)(E).

Relying on § 522(d)'s legislative history[2], Judge Thomas in *In re Michael* as well as the

---

[2] The legislative history of § 522(d)(10) and (11) states the following:

Paragraph (10) exempts certain benefits that are akin to future earnings of the debtor. These include social security, unemployment compensation, or public assistance benefits, veteran's benefits, disability, illness, or unemployment benefits, alimony, support, or separate maintenance (but only to the extent reasonably necessary for the support of the debtor and any dependents of the debtor), and benefits under a certain stock bonus, pension, profitsharing, annuity or similar plan based on illness, disability, death, age or length of service. Paragraph (11) allows the debtor to exempt certain compensation for losses. These

5

majority of other bankruptcy courts have concluded that § 522(d)(11)(E) only applies to recoveries in the nature of a tort. *See In re Michael*, 262 B.R. at 298 (observing that the majority of courts have found that workers' compensation benefits cannot be exempted under § 522(d)(11)(E)) (citing *In re Chavis,* 207 B.R. 845 (Bankr. W.D. Pa. 1997); *In re Williams,* 181 B.R. 298 (Bankr. W.D. Mich. 1995); *In re Cain,* 91 B.R. 182 (Bankr. N.D. Ga. 1988); *In re Evans,* 29 B.R. 336 (Bankr. D. N.J. 1983); *In re LaBelle,* 18 B.R. 169 (Bankr. D. Me. 1982)). The rationale of these cases, based primarily on the legislative history, is that § 522(d)(10) applies to payments in lieu of future earnings and § 522(d)(11) addresses compensation for tort-type recoveries. Finding workers' compensation awards to be compensation for the loss of future earnings, these courts have determined that § 522(d)(11)(E) is unavailable. *In re Williams*, 181 B.R. at 300 (citing *In re Albrecht*, 89 B.R. 859, 861 (Bankr. D. Mont. 1988); *In re Evans*, 29 B.R. at 338-39; *In re LaBelle*, 18 B.R. at 171).[3]

More recent cases, however have questioned the assumption that §522(d)(10) and (d)(11) are mutually exclusive. In *In re Holstine*, 458 B.R. 392, 395 (Bankr. E.D. Mich. 2011) *aff'd*, No.

---

include crime victim's reparation benefits, wrongful death benefits (with a reasonably necessary for support limitation), life insurance proceeds (same limitation), compensation for bodily injury, not including pain and suffering ($10,000 limitation), and loss of future earnings payments (support limitation). This provision in subparagraph (d)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings. Those items are handled separately by the bill.

H.R. Rep. 95-595, 362, 1978 U.S.C.C.A.N. 5963, 6318.

[3]No reported decision, other than *In re Michael,* held that the proceeds of a lump sum workers' compensation award received pre-petition may not be exempted under either § 522(d)(10)(C) or § 522(d)(11)(E).

6

11-14573, 2012 WL 2891220 (W.D. Mich. July 15, 2012), the court observed that much of the case law holding that § 522(d)(11)(E) was not available to exempt workers' compensation awards was premised on the availability of § 522(d)(10) to protect these benefits. This reasoning, however, crumbles when workers' compensation payments are received in a lump sum. To avoid the injustice of finding that workers' compensation awards paid in installments could be exempted, but those received in a lump sum could not, the bankruptcy court in *In re Sanchez*, 362 B.R. 342 (Bankr. W.D. Mich. 2007) decided to give the issue a fresh look.

In *Sanchez*, Judge Hopkins looked at the plain meaning of the statute and concluded that workers' compensation awards may be exempted under § 522(d)(11)(E) if the award is traceable to a payment that is intended to compensate the debtor for the loss of future earnings and is reasonably necessary for the support of the debtor or the debtor's dependents. *Id*. at 357. Although he also examined the legislative history, he determined that it was not helpful in resolving the issue. Further, he concluded that it was inappropriate to consult the legislative history when the text of the statute was unambiguous. *Id.* at 358. I agree with the conclusion of the *Sanchez* and *Holstine* courts that § 522(d)(11)(E) unambiguously exempts "a payment in compensation of loss of future earnings of the debtor," including lump sum workers' compensation payments, without restricting such payment to tort-type actions.

Workers' compensation awards are given to offset a worker's loss of future earnings as a result of a work-related injury. *Montgomery Cnty. v. Deibler*, 31 A.3d 191, 195 (Md. 2011) (explaining that the purpose of workers' compensation statutes is "to protect workers and their families from hardships inflicted by work-related injuries by providing workers with compensation for loss of earning capacity resulting from accidental injury arising out of and in

7

the course of employment"). Section 522(d)(11)(E) provides that a debtor may exempt this compensation as "property traceable to . . . a payment in compensation of loss of future earnings." 11 U.S.C. § 522(d)(11)(E). Workers' compensation claims historically were paid as an income stream and, thus, could be exempted without limitation under § 522(d)(10)(C). Other benefits paid through an income stream listed in § 522(d)(10) include social security benefits, unemployment compensation, veterans benefits and child support. *See* 11 U.S.C. § 522(d)(10)(A),(B), and (D).

In contrast, § 522(d)(11) lists forms of compensation that often are paid in a lump sum and frequently are paid as compensation for losses. *In re Holstine*, 2012 WL 2891220, at *2. In *Sanchez,* the bankruptcy court observed that the comment in the legislative history that (d)(11) claims are tort related is inaccurate when applied to payments under a life insurance contract, which also is exempt under § 522(d)(11)(C). *In re Sanchez,* 362 B.R. at 359. Moreover, the Sixth Circuit Court of Appeals has held that § 522(d)(11)(E) exempts a debtor's right to receive a non-tort-related award, such as a payment from a debtor's former employer under a buyout option elected at termination of employment. *In re Lewis,* 387 Fed. Appx. 530, 531 (6th Cir. 2010) ("We conclude that the legislature has not tied the loss of future earnings to a bodily injury.")

Finding the language of § 522(d)(11)(E) to be unambiguous and further finding no basis to conclude that (d)(10) and (d)(11) are mutually exclusive, it is unnecessary for me to consult the legislative history of § 522. Accordingly, I conclude that § 522(d)(11)(E) provides a basis upon which property traceable to a pre-petition lump sum workers' compensation settlement awarded for the loss of future earnings to the extent that the lump sum is reasonably necessary for the support of a debtor and the dependents of a debtor may be claimed as exempt.

8

Case 1:14-bk-00990-MDF    Doc 42    Filed 01/05/15    Entered 01/06/15 09:17:28    Desc
Main Document    Page 8 of 14

*B. The Medicare "set aside"*

In addition to the lump sum settlement of his claim, Debtor also received a lump sum as a Medicare "set aside."[4] This portion of the settlement is not exempt, however, it is not subject to administration by the Trustee because it is not property of the bankruptcy estate. A debtor's bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). But property in which debtor holds only legal title is excluded from the bankruptcy estate. 11 U.S.C. § 541(d); *In re ABC Learning Ctrs Ltd.,* 728 F.3d 301, 313 (3d Cir. 2013) (explaining that property that the debtor holds in trust for another does not become property of the bankruptcy estate). "A trust is a legal instrument in which assets are held in the name of the trust and managed by a trustee for the benefit of a beneficiary." *Lewis v. Alexander,* 685 F.3d 325, 332 (3d Cir. 2012). The Court looks to state law to determine whether a trust has been created. *City of Farrell v. Sharon Steel Corp.,* 41 F.3d 92, 95 (3d Cir. 1994). Under Maryland Law[5], "a trust exists where the legal title to property is held by one or more persons, under an equitable obligation to convey, apply, or deal with such property for the benefit of other persons." *Long Green Valley Ass'n v. Bellevale Farms, Inc.,* 68 A.3d 843, 856 (Md. 2013); *see also In re Shank,* 240 B.R. 216, 221 (Bankr. D. Md. 1999). An

---

[4]Medicare is not the primary payer of medical expenses covered by other forms of insurance such as state government workers' compensation plans. *See* 42 U.S.C. § 1395y(b). The purpose of a set-aside arrangement is to allocate a portion of a workers' compensation settlement to pay the future medical expenses related to the work-related injury for which Medicare would have secondary liability. *Workers' Compensation Medicare Set Aside Arrangements,* Center for Medicare & Medicaid Services, http://www.cms.gov/Medicare/Coordination-of-Benefits/Workers-Compensation-Medicare-Set-Aside-Arrangements/WCMSAP-Overview.html (last visited Dec. 11, 2014).

[5] Maryland law governs here because the Agreement of Final Compromise and Settlement was entered into in the state of Maryland.

express trust exists where the parties exhibit an intention to create a trust. *Long Green Valley Ass'n,* 68 A.3d at 856. To create an express trust the following requirements must exist: 1) a subject-matter; 2) a settlor, competent to create a trust; 3) a person capable of holding the subject-matter as trustee; and 4) a beneficiary, for whose benefit the property is being held. *See In re Shank,* 240 B.R. at 221-22; *Sieling v. Sieling,* 135 A. 376, 382 (Court of Appeals of Maryland 1926).

Here, part of Debtor's workers' compensation settlement was a Medicare "set aside" ("WCMSA") payment. WCMSA is a "financial agreement that allocates a portion of a workers' compensation settlement to pay for future medical services related to the workers' compensation injury, illness, or disease." The Center for Medicare and Medicaid Services provides that a claimant "can ONLY use [WCMSA] to pay for medical treatment or prescription drugs related to [his or her workers compensation] injury, and ONLY if the expense is for a treatment or prescription Medicare would cover. This is true even if [he or she] is not yet a Medicare beneficiary."[6]

Debtor's settlement agreement established a trust for the benefit of medical providers. *See* 4 Collier on Bankruptcy ¶ 522.09[12], p. 522-79 (16th ed. rev. 2014) ("Though ostensibly belonging to the debtor, medical payments are actually not the property of the debtor, but are held in trust for another.") The agreement expressly states that:

> . . . the parties to this settlement . . . have determined that [Debtor]'s need for

---

[6]*Self Administration Toolkit for Workers' Compensation Medicare Set-Aside Arrangements,* Center for Medicare & Medicaid Services, http://www.cms.gov/Medicare/Coordination-of-Benefits-and-Recovery/Workers-Compensation-Medicare-Set-Aside-Arrangements/Downloads/Self-Administration-Toolkit-for-WCMSAs.pdf (last visited Dec. 11, 2014) (emphasis in the original).

> future treatment from this claim is estimated to be $72,741.88, which amount is expressly allocated for [Debtor]'s need for any future treatment, including prescription drugs.
> . . .
> Medicare interests in this settlement have been considered and the parties specifically recognize that the purpose of this settlement is not to shift to Medicare any responsibility for this payment of medical expenses related to the treatment of [Debtor]'s work-related condition incurred on 11/2/2010, until the amounts held in the Medicare Set-Aside is completely expended or the account depleted . . .

Tr. Ex. "A."

The express intent of the settlement agreement was to create a fund from which Debtor was to pay for his medical treatments and prescription drugs related to his work-related injury. Even though the agreement does not specifically state that Debtor is to hold the funds as trustee for the benefit of his medical providers, no such words are needed in order to create an express trust. *See Sieling,* 135 A. at 382 ("No technical words or language are required for the creation of a trust, if the language and acts of the parties clearly indicate that such was their intention.") The subject matter of the trust is the WCMSA of $72,741.88. The parties to the settlement agreement were competent to create the trust, Debtor was capable of holding the funds as trustee, and entities providing medical services to Debtor were named beneficiaries of the trust.[7] Thus, all the requirements necessary to create a trust have been met in the settlement agreement. Because I find that the WCMSA payment was to be held in trust for the benefit of providers of medical services related to Debtor's workers' compensation claim, I find that the WCMSA is not property of Debtor's bankruptcy estate and, as such, may not be administered by the Trustee for the

---

[7] As this issue was not before me, this opinion does not address whether some of the medical service providers listed as creditors in Debtor's schedules may have rights in the WCMSA as beneficiaries of the trust.

11

Case 1:14-bk-00990-MDF    Doc 42    Filed 01/05/15    Entered 01/06/15 09:17:28    Desc
Main Document      Page 11 of 14

benefit of creditors.[8]

*C. Property necessary for the support of Debtor and his dependents*

The final issue is whether the property or funds traceable to Debtor's workers' compensation settlement are necessary for the support of Debtor and his dependents. To make this determination, I have to consider: 1) debtor's present and anticipated living expenses; 2) debtor's present and anticipated income from all sources; 3) the age of debtor and his dependents; 4) the health of debtor and his dependents; 5) debtor's ability to earn a living; 6) debtor's job skills, training and education; 7) debtor's other assets, including exempt assets; 8) the liquidity of other assets; 9) debtor's ability to save for retirement; 10) the special needs of debtor and his dependents; and 11) debtor's continuing financial obligations, such as alimony or support payments. *In re Comp,* 134 B.R. 544, 554-55 (Bankr. M.D. Pa 1999). The burden of proof lies with the trustee to show by preponderance of the evidence that the exempt property is not reasonably necessary for the support of Debtor and his dependents. *See In re Butler,* 472 B.R. 786, 791 (Bankr. W.D. Wisc. 2012)*; In re Cramer,* 130 B.R. 193, 195 (Bankr. E.D. Pa. 1991).

The Trustee asserts that even if Debtor is entitled to exempt the lump-sum payment under § 522(d)(11)(E), he has failed to show that the funds were reasonably necessary for Debtor's support. Rather than using the funds to pay his expenses, Debtor used the funds to purchase two parcels of real property and a truck. Converting the funds into real and personal property, however, does not mean that the funds were not necessary for the support of Debtor and his

---

[8] The Trustee argued that Debtor used the WCMSA to purchase a Ford F-150. Whether or not Debtor may have misused the WCMSA funds is not before the Court. In any event, these funds are not property of the estate.

dependents.[9] Debtor purchased a modest home for his family and a 2005 truck. The second parcel of real property purchased with the proceeds of his workers' compensation settlement was acquired as an investment. With the payments made by his brother on the installment agreement, Debtor has monthly disposable income of $705.11, which the Trustee argues is not reasonably necessary for the support of Debtor and his dependents. Part of the payments made by Debtor's brother are a return of principal, which the Court has found may be exempted under § 522(d)(11)(E). Only the interest earned is arguably income that would be included in the calculation of income and expenses. I find these amounts to be sufficiently modest as to have a negligible impact on Debtor's monthly net income.

Further, there are numerous other factors that support a finding that the proceeds of the workers' compensation settlement are reasonably necessary for Debtor's support. At the time of the hearing Debtor was unemployed. His wife has a low-wage job at a fast-food restaurant, and they have three children, two of whom are under the age of eighteen. Debtor's current monthly income listed on Schedule I is $2558.44, and his monthly expenses listed on Schedule J are $1853.33.[10] The annual income of Debtor's family is $30,701.28, slightly above the poverty guidelines for a family of five.[11] Debtor is forty-four years old, and thus has no immediate prospects of receiving social security or pension benefits. Besides the stipulations surrounding

---

[9] Debtor's schedules also report that he held two checking accounts with $24,000 from the settlement agreement payment on the date the petition was filed.

[10] The reported income includes the monthly payments of $1200 that Debtor receives from his brother.

[11] *2014 Poverty Guidelines,* Office of the Assistant Secretary of Planning and Evaluation, http://aspe.hhs.gov/poverty/14poverty.cfm (last visited Dec. 11, 2014).

13

Debtor's work-related injury, no evidence was provided regarding the health of Debtor and his dependents. No evidence was provided addressing Debtor's job skills, training, and education. At the evidentiary hearing, however, Debtor's testimony required the services of a translator, demonstrating that his lack of English proficiency will provide additional obstacles to obtaining employment. Debtor's property consists primarily of the assets acquired from the proceeds of the settlement agreement – his residence, the 3887 Property, the Ford truck, $24,000 in cash from his workers' compensation settlement, and other personal property valued at $6970. No evidence was provided regarding the special needs of Debtor and his dependents. Lastly, Debtor does not report any support obligations.

Considering all of the above-mentioned factors, the evidence provided weighs in favor of exempting all proceeds from the settlement agreement and all property acquired with these proceeds under 11 U.S.C. § 522(d)(11)(E).

### III. Conclusion

For the reasons set forth above, the Trustee's objection to Debtor's exemptions under 11 U.S.C. § 522(d)(11)(E) is overruled. An appropriate order will follow.

**By the Court,**

_Mary D. France_
Chief Bankruptcy Judge

Date: January 5, 2015